**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| ROBERT ARTHUR PITTMAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer JACOB HUNNICUTT, | : | NO. 5:09-cv-259 (CAR) |
| Defendant | : | **O R D E R** |

Plaintiff **ROBERT ARTHUR PITTMAN**, currently an inmate at the Jones County Jail, filed this 42 U.S.C. § 1983 lawsuit relating to his June 8, 2009 arrest and placement in jail. Plaintiff has supplemented his complaint as directed by this Court in its August 21, 2009 order.

Plaintiff has been permitted to proceed *in forma pauperis*. However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court until the filing fee is paid in full.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff states that on June 8, 2009, sole-named defendant Officer Jacob Hunnicutt arrested plaintiff pursuant to an arrest warrant on charges of theft by conversion. Plaintiff complains that his "rights were violated by not having a first appearance" hearing within 72 hours of his arrest. As a result, plaintiff complains that he has "no knowledge of the case that stands before [him]." Plaintiff further complains that he has been held in custody almost three months, apparently without a chance to receive bond.

Plaintiff asks that his case be dismissed and his "V.O.P." be lifted. Plaintiff also seeks damages.

## III. DISCUSSION

Initially, the Court notes that Officer Hunnicutt is not responsible for setting or revoking plaintiff's bond. *See* O.C.G.A. § 17-6-1 (bond set by judicial officer). Any claim for denial of bond that plaintiff might conceivably have would thus not be valid against Hunnicutt.[1]

With respect to plaintiff's claim that a preliminary hearing was not held within 72 hours of his arrest, the failure to promptly take a person arrested pursuant to a warrant before a magistrate may violate state law, it does not constitute a denial of due process. ***Stephenson v. Gaskins***, 539 F.2d 1066, 1068 n.1 (5th Cir. 1976).[2] Therefore, the alleged failure to bring plaintiff before a judicial officer within 72 hours is not a viable federal cause of action under section 1983.

Moreover, ***Younger v. Harris***, 401 U.S. 37 (1971), mandates that this Court abstain from interfering with plaintiff's pending state court criminal proceedings. In ***Younger***, the Supreme Court held that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. Constitutional claims must instead be raised in the ongoing state proceeding "unless it plainly appears that this court would not afford adequate protection." *Id.* at 45. Plaintiff has failed to allege any facts whatsoever to show that his unconstitutional confinement cannot be

---

[1] To the extent plaintiff wishes to sue Magistrate Judge Minnie Mazzola, who signed plaintiff's arrest warrant, he is advised that judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Simmons v. Conger***, 86 F.3d 1080, 1084-85 (11th Cir.1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356. Magistrate judges in Georgia have the authority to set bail bonds, O.C.G.A. § 17-6-1(f)(1)-(2); Georgia Uniform Magistrate Court Rules 23. Because Magistrate Mizzola was acting within her judicial capacity, she has absolute immunity from liability to plaintiff for any claim for damages.

[2] In ***Bonner v. City of Pritchard***, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

adequately challenged in Jones County court.

Lastly, the proper method for attacking a prisoner's unconstitutional confinement is to file a petition for writ of habeas corpus, following the exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus). Plaintiff may pursue his state remedies and obtain review of any order denying him bond by utilizing the interlocutory appeal procedures set forth in O.C.G.A. § 5-6-34(b). *Mullinax v. State*, 271 Ga. 112, 515 S.E.2d 839 (1999) (citing *Howard v. State*, 194 Ga. App. 857, 392 S.E.2d 562 (1990)). In addition, he may file a petition for writ of habeas corpus in the Georgia state courts concerning his claim that the refusal to grant bond was a violation of his constitutional rights. *Mullinax*, 271 Ga. at 271.

### III. CONCLUSION

In light of the foregoing, this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 16th day of September, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr